# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 163

In the Interest of K.B., a child

| | |
|---|---|
| Megan Dahl, L.B.S.W., Cass County Human Services Zone, | Petitioner and Appellee |
| v. | |
| K.B., child; M.N., possible father; John Doe, | Respondents |
| and | |
| J.B., mother, | Respondent and Appellant |

### No. 20210109

In the Interest of K.B., a child

| | |
|---|---|
| Megan Dahl, L.B.S.W., Cass County Human Services Zone, | Petitioner and Appellee |
| v. | |
| K.E.B., child; M.N., possible father; John Doe, | Respondents |
| and | |
| J.B., mother, | Respondent and Appellant |

### No. 20210110

Appeal from the Juvenile Court of Cass County, East Central Judicial District, the Honorable Scott A. Griffeth, Judicial Referee.

AFFIRMED.

Opinion of the Court by Tufte, Justice, in which Justices Crothers and McEvers joined, and Justice VandeWalle concurred in the result. Chief Justice Jensen filed a concurring opinion.

Constance L. Cleveland, Assistant State's Attorney, Fargo, N.D., for petitioner and appellee.

Daniel E. Gast, Fargo, N.D., for respondent and appellant.

**Tufte, Justice.**

[¶1]   J.B. appealed from a juvenile court order terminating her parental rights to her two children. She argued there was not evidence beyond a reasonable doubt to support the court's determination under the Indian Child Welfare Act (ICWA) that continued custody by J.B. was likely to result in serious emotional or physical damage to the children. Retaining jurisdiction under N.D.R.App.P. 35(a)(3), we remanded to the juvenile court for detailed findings under ICWA, allowing for additional testimony from the qualified expert witness if necessary to make the required findings. *Interest of K.B.*, 2021 ND 106, ¶ 11, 961 N.W.2d 293. After receiving additional testimony, the district court made additional findings, denied the petition to terminate J.B.'s parental rights, and ordered the children be removed from J.B.'s custody for nine months. No party requested additional briefing or argument following the order on remand. We affirm the juvenile court order.

[¶2]   Our prior decision sets forth the relevant facts and history, which we will not repeat here. *Interest of K.B.*, 2021 ND 106, ¶¶ 2-3, 7-8.

[¶3]   On remand, the juvenile court heard additional testimony from Marilyn Poitra, a qualified expert witness for the Turtle Mountain Band of Chippewa Indians under ICWA. Poitra testified that the tribe did not support termination of parental rights and answered "No" when asked if continued custody by J.B. was likely to result in serious emotional or physical damage to the children.

[¶4]   Considering the evidence as a whole, the juvenile court made the following findings. The testimony and behavior of the parents during trial established that the parenting practices of the parents are "not consistent with Native American parenting practices." The failure of the parents to abide by the no-contact order during trial demonstrated an intent to continue their violent and dysfunctional relationship. Poitra testified that if the father were not involved, J.B. could remedy the situation within approximately six months

after her release from incarceration and following treatment. Despite acknowledging that she was not aware of the parents' behavior and communication with each other during trial, Poitra maintained her opinion that she did not feel the continued custody of the children by J.B. would be likely to result in serious emotional or physical damage to the children. Although the juvenile court said it "may not agree with Ms. Poitra's assessment of the situation," its ultimate finding was that the evidence before it did not establish the ICWA requirements beyond a reasonable doubt.

[¶5]   That ultimate finding is for the juvenile court as finder of fact, only to be set aside on appeal if clearly erroneous. N.D.R.Civ.P. 52(a)(6). There is evidence on which the juvenile court could have found the ICWA requirements satisfied, and there is also evidence on which it could have found that the high burden of proof beyond a reasonable doubt had not been met. A finding relating to a likelihood of future harm requires some prognostic evidence providing "the basis for a reasonable prediction as to future action." *Interest of J.S.*, 351 N.W.2d 440, 442 (N.D. 1984) (affirming finding that deprivation was likely to continue despite lack of expert opinion "expressly predict[ing] that kind of future"). On this record, we defer to the juvenile court's finding that, although there was room for disagreement with Poitra, her expert testimony was sufficient to raise a reasonable doubt about whether J.B.'s continued custody would create a likelihood of future emotional or physical damage to the children.

[¶6]   We affirm the juvenile court order removing the children from the care, custody, and control of their parents for a period of nine months.

[¶7]   Daniel J. Crothers
       Lisa Fair McEvers
       Jerod E. Tufte

       I concur in the result.
       Gerald W. VandeWalle

2

**Jensen, Chief Justice, concurring.**

[¶8] I concur in the result for the reasons stated in the prior concurring opinion in this case. *Interest of K.B.*, 2021 ND 106, 961 N.W.2d 293. I write separately following the return from our prior remand to note my disagreement with paragraphs 4 and 5 of the majority opinion above.

[¶9] Termination of parental rights for a child protected by the provisions of the Indian Child Welfare Act must be supported by testimony from a qualified expert "that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child" as required by 25 U.S.C. § 1912(f). The statutory provision at issue reads as follows:

> No termination of parental rights may be ordered in such proceeding in the absence of a determination, supported by evidence beyond a reasonable doubt, including testimony of qualified expert witnesses, that the continued custody of the child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child.

25 U.S.C. § 1912(f).

[¶10] Paragraphs 4 and 5, consistent with the prior majority opinion in *Interest of K.B.*, 2021 ND 106, 961 N.W.2d 293, suggest that a district court could find, beyond a reasonable doubt, the continued custody of a child by the parent or Indian custodian is likely to result in serious emotional or physical damage to the child in cases where the only qualified expert witness provides testimony that continued custody of the child by the parent or Indian custodian is **not** likely to result in serious emotional or physical damage to the child. That position is inconsistent with other state courts and unsupported by any other judicial decisions. *See Interest of K.B.*, 2021 ND 106, 961 N.W.2d 293 (Jensen, C.J., concurring specially). It is also inconsistent with this Court's prior decision drawing a bright line on the qualified expert requirement, and mandating the reversal of any termination lacking a qualified expert witness. *Interest of K.S.D.*, 2017 ND 289, ¶ 28, 904 N.W.2d 479.

3

[¶11] The majority's position is, apparently, that the statute can be read to prohibit termination in the absence of a qualified expert testifying, but allow termination in the face of a qualified expert testifying there is **not** likely to be serious emotional or physical harm. How can 25 U.S.C. § 1912(f) be read to prohibit termination in the absence of a qualified expert but allow termination in the face of a qualified expert testifying there is not likely to be serious emotional or physical harm? I cannot reconcile such a reading of the statute, nor has any other jurisdiction read the statute with that construction. The majority's reading of the statute renders the expert requirement illusory.

[¶12] I concur in affirming the district court decision on remand. On remand, the district court received additional testimony from the qualified expert that continued custody of the child by the parent or Indian custodian was **not** likely to result in serious emotional or physical damage to the children. In light of that testimony, the district court was compelled to deny the termination of parental rights.

[¶13] Jon J. Jensen, C.J.